**1312**

Rita C. RICHARDSON

v.

Donald C. RICHARDSON.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1981.

Decided Nov. 12, 1981.

Ronald P. Lebel (orally), Rocheleau, Fournier & Lebel, P.A., Lewiston, for plaintiff.

Janet Mills, Dist. Atty., (orally), Geoffrey A. Rushlau, Asst. Dist. Atty., Auburn, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Petitioner, Rita C. Richardson, appeals from a judgment of the Superior Court (Androscoggin County) denying the relief requested in her petition under the Uniform Reciprocal Enforcement of Support Act, 19 M.R.S.A. §§ 331–420 (1981). That petition presented eight claims. Because the order of the Superior Court determined only one of those claims, there is no final judgment as to the other claims. Therefore, despite the eagerness of counsel to argue these issues before us, we are without jurisdiction to consider them. M.R. Civ.P. 73(a).

We must modify the judgment to a denial of the Petitioner's first "request" only since that was the sole issue addressed by the court below.

■ We affirm the judgment as to the first claim, the only one which was considered by the Superior Court, under the collateral order exception to the final judgment rule. M.R.Civ.P. 54(b), 73(a)[1]; *State v. Gleason*, Me., 404 A.2d 573 (1979).

The Petitioner was divorced from Donald C. Richardson by judgment of the District Court dated July 24, 1980, in which judgment the husband was awarded custody of the parties' minor child and ordered to pay the Petitioner alimony of $600 per month. An order for arrearage and attachment was issued by the District Court on September 8, 1980. The order of attachment is being enforced by the husband's employer, the United States Navy, only at the level of $350 per month, which is 25% of his salary. The petition seeks to have the court require the district attorney to represent the Petitioner in a claim for the remaining amount of the alimony order under the Act. It also seeks certification to a California court, collection of fees and costs, and contempt penalties in accordance with the terms of the Act. 19 M.R.S.A. §§ 394, 397, 398, 405.

The Superior Court, by denying the Petitioner's first claim for relief, refused to direct the district attorney to represent the Petitioner in this matter. The Petitioner argues that the Superior Court must request the district attorney to represent her if her petition otherwise conforms to the requirements of the statute.

We disagree.

Under 19 M.R.S.A. § 395[2], the district attorney has no duty to represent a petitioner under the Act until "requested" to do so by the court. No such request was made in this case. Therefore, it is unnecessary for us to decide, as the parties on appeal have urged us to do, whether the district attorney has the discretion to decline to represent a petitioner after such a request has been made. On the narrower issue, it is clear to us that the Act does not impose any duty upon the courts of this state to request the district attorney to represent all petitioners who claim a failure to comply with orders of support.

■ The duty of a court in the initiating state, as is Maine in the case at bar, is set forth in 19 M.R.S.A. § 397[3]. Under that statute, the Maine court must, if it finds that the obligor owes a duty of support, certify the petition to a court of the responding state. The only other duty of the courts of an initiating state under the Act is to receive and disburse payments made by the obligor. 19 M.R.S.A. § 407. To read into the Act a further requirement that the courts of the initiating state must order the district attorney to represent all petitioners would require us to speculate on the intent of the legislature which enacted section 397 and would unduly complicate the procedures established by the Act. We see no reason to do so in the absence of statutory language expressly creating a duty to order public representation.

■ The Superior Court never determined whether the obligor in this case, the former husband, owed a duty of support. It must do so before it can deny the petition or certify it to the California courts. 19 M.R.S.A. § 397. The fact that the court may choose not to request representation by the district attorney on a given petition does not necessarily mean that it must dis-

---

1. *See* R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 73.2 (2d ed. 1970).

2. Section 395 provides:

 If this State is acting as an initiating state, the district attorney upon the request of the court shall represent the obligee in any proceedings under this Act. If the district attorney neglects or refuses to represent the obligee, the Attorney General may undertake the representation. In any proceeding involving public aid a representative of the Attorney General *may represent the obligee*.

3. Section 397 provides in pertinent part:

 If the court of this State acting as an initiating state finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and that a court of the responding state may obtain jurisdiction of the obligor or his property, it shall so certify and shall cause 3 copies of the petition and its certificate and one copy of this Act to be sent to the responding court.

miss any petition brought under the Act which contains a request for such representation if such a request is denied. The question of representation does not go to the merits of the petition for enforcement of support obligations.

The entry is:

Judgment of the Superior Court modified to read "Petitioner's request for representation by the district attorney in these proceedings denied."

Judgment as so modified affirmed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.