Cynthia BISHOP

v.

TOWN OF ELIOT, et al.

Josephine ROBBINS, et al.

v.

TOWN OF ELIOT and Richard Saklad.

Supreme Judicial Court of Maine.

Argued June 11, 1987.

Decided Aug. 17, 1987.

John C. Bannon, (orally), Murray, Plumb & Murray, Portland, for plaintiff.

James R. Erwin (orally), Strater, Hancock & Erwin, York, Christopher L. Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

In this consolidated appeal, Cynthia Bishop, the owner of a parcel of land in the Town of Eliot ("Town") and Richard Saklad, the owner of another lot in the same town, each applied for variances from the same Town Zoning Ordinance in order to build residences on their respective lots. The Town Zoning Board of Appeals ("Board") denied Bishop's request for a variance but granted Saklad's request, and the Superior Court (York County) affirmed both decisions of the Board. Bishop appeals from the Superior Court judgment, contending that: (1) the Board's decision requiring her to obtain a variance before being entitled to obtain a building permit was clearly erroneous; (2) the Board's decision denying her request for a variance was either clearly erroneous or unsupported by any competent evidence in the record; and (3) the Board's decision represented an unconstitutional taking of her property. Josephine Robbins, Nancy Talbot and William Hodgdon, the abutters to Bishop's and Saklad's lots, contest the Board's granting of Saklad's request for a variance. In particular, the abutters argue that the Board erred as a matter of law: (1) in concluding that Saklad's lot was unique, and (2) in concluding that Saklad's hardship

was not self-created. On cross-appeal, Saklad contends that: (1) he was not required to obtain a variance in order to build on his lot, and (2) even assuming that he was required to obtain a variance, the Board's decision granting his request for a variance was supported by competent evidence in the record. We affirm the judgment of the Superior Court denying Bishop's request for a variance, but vacate the court's judgment granting Saklad's variance request.

## I.

The lots in question in this case share a common background. Lot 3A, the subject of the *Robbins* litigation, and Lot 3B, the subject of the *Bishop* suit, were each originally comprised of several smaller lots as part of a 1924 subdivision created by Ransom Derrick. The lots were subsequently acquired by George Varney, who in turn conveyed them to Robert and Eleanor Mullins. On November 6, 1985, the Mullinses conveyed Lot 3A by warranty deed to Richard Saklad and conveyed Lot 3B by warranty deed to Cynthia Bishop. Both Bishop and Saklad had originally contracted to purchase Lot 3B from the Mullinses on July 18, 1985, but Bishop ultimately acquired the property in her name alone.

Both Lots 3A and 3B are "backlots" within the meaning of Town Zoning Ordinance § 305(p)(1), in that they are physically situated behind one or more lots, having no direct street frontage. Although the two lots have no direct frontage on Park Street, the nearest public street, the lots are accessible to Park Street over two narrow rights-of-way both lying perpendicular to Park Street. Lot 3B is accessible to Park Street over Third Avenue, a 16½-foot-wide right-of-way. Lot 3A is accessible to Park Street over Fourth Avenue, a 25-foot-wide right-of-way.

In the summer of 1985, Bishop and Saklad applied to the Town's Code Enforcement Officer for a building permit to construct a residence on Lot 3B. The officer denied the permit on the ground that all backlots in the town must be served by a right-of-way at least 30 feet in width in compliance with Town Zoning Ordinance § 305(p)(2).[1] On July 18, 1985, Bishop and Saklad filed an application with the Board for a variance from Town Zoning Ordinance § 305(p)(2), and on the same date, entered into a sales agreement with the Mullinses to purchase Lot 3B. After two public hearings, during which the abutters appeared as parties in interest and were represented by counsel, and in which the Town and the appellants were also represented by counsel, the Board denied the appellants' request for a variance by a vote of 3 to 1. Bishop and Saklad appealed the Board's decision to the Superior Court.[2] Bishop thereafter purchased Lot 3B in her own name and Saklad was dismissed as a party in *Bishop v. Town of Eliot, et al.*

In March of 1986, Saklad applied to the Board for a variance from the identical Town Zoning Ordinance, Section 305(p)(2), for the purpose of building a single family

1. Section 305(p)(2) provides:
p. Backlots may be used provided they meet the following criteria:

. . . . .

2. A 30 foot right-of-way or frontage shall serve one or two backlots. For 3 or more backlots, the right-of-way or frontage shall be at least 40 feet, and the driveway serving the backlots shall be graveled, tarred, or paved, and shall be at least 15 feet wide.

2. The complaint in *Bishop* contained four counts. Count I sought review under M.R. Civ.P. 80B, alleging that the Board's decision was unlawful, arbitrary and capricious, and not supported by substantial evidence in the record. Count II sought a declaratory judgment that Lot 3B was not subject to the provisions of the Town Zoning Ordinance in that Lot 3B was a lot of record pre-dating any Town zoning ordinances. Count III averred that the application of the Town Zoning Ordinance destroyed the value of the property so as to constitute a confiscation of their property without payment of just compensation, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, Art. I, §§ 6–A and 21 of the Maine Constitution and 42 U.S.C. § 1983. Count IV alleged a denial of substantive due process and equal protection of the laws in violation of the same constitutional and statutory provisions specified in Count III. The Superior Court ordered *Counts I and II administratively severed* from the remainder of the complaint and heard as a review of the Board's action under Rule 80B. The court further ordered the remaining counts to be treated as a single action pursuant to 42 U.S.C. §§ 1983 and 1988.

residence on Lot 3A. After a public hearing during which the abutters appeared and were represented by counsel, and in which the Town and the appellant were also represented by counsel, the Board voted in favor of granting a variance for Lot 3A by a vote of 3 to 1. The abutters sought review of the Board's decision to the Superior Court pursuant to M.R.Civ.P. 80B in *Robbins, et al. v. Town of Eliot and Richard Saklad.*

The Superior Court ordered the two cases consolidated pursuant to M.R.Civ.P. 42, and affirmed both decisions of the Board. The court entered final judgment on Counts I and II of *Bishop's* complaint pursuant to M.R.Civ.P. 54(b). We ordered the cases consolidated for purposes of this appeal.

## II.

We first address whether Bishop and Saklad were required to obtain variances from Town Zoning Ordinance § 305(p)(2) before building on their respective lots. Both Bishop and Saklad contend that their lots were nonconforming lots of record predating the Town's zoning ordinances respecting road frontage requirements. Because they contend that Lots 3A and 3B are "grandfathered," they claim that they are not required to obtain variances under Town Zoning Ordinance § 404.1. That ordinance provides:

A single lot of record which, at the effective date of adoption or amendment of this Ordinance, does not meet the area, road frontage, or setback requirements of the District in which it is located, may be built upon provided that such lot shall be in separate ownership and not contiguous with any other lot in the same ownership, that all other provisions of this Ordinance, shall be met and shall conform with all State laws and regulations.

Bishop and Saklad contend that, although their lots do not meet the town's road frontage requirements, they may nevertheless build on their lots under Section 404.1 because Lots 3A and 3B are not contiguous with any other lot in the same ownership and because all other Town ordinance provisions are met. We disagree with that part of their contention that all other ordinance provisions have been met.

Lots 3A and 3B do not comply with Town Zoning Ordinance § 305(p)(2). *See supra* n. 2. In the context of this ordinance we interpret the "30 foot right-of-way" provision to require that a backlot be served by a right-of-way that is 30 feet in width. Neither right-of-way serving Lots 3A or 3B is 30 feet wide. Third Avenue, the right-of-way serving Lot 3B, is 16½-feet-wide. Fourth Avenue, serving Lot 3A, is 25-feet-wide. We therefore conclude that Bishop and Saklad were not exempt under Section 404.1 from obtaining a variance before building on their lots.

## III.

We next consider the Board's decisions granting a variance to Saklad but denying Bishop's request for a variance. Because the Superior Court here acted as an intermediate appellate court reviewing the Board's actions, we directly examine the record developed before the Board. *Kittery Water District v. Town of York*, 489 A.2d 1091, 1093 (Me.1985). On review, we must determine whether there was an abuse of discretion, an error of law or findings not supported by substantial evidence in the record. *Id.*

In order to obtain a variance from Town Zoning Ordinance § 305(p)(2), Bishop and Saklad, as variance applicants before the Board, each had the burden of proving by competent evidence that all of the statutory requirements for the granting of variances had been met. *Curtis v. Main*, 482 A.2d 1253, 1257 (Me.1984). The relevant town zoning ordinance provides in pertinent part:

The Board of Appeals shall grant a variance where a party establishes that the strict application of this Ordinance will cause undue hardship. The words "undue hardship" mean:

1. That the land in question cannot yield a reasonable return unless a variance is granted;

2. That the need for a variance is due to the unique circumstances of the

property and not to the general conditions in the neighborhood;

3. That the granting of the variance will not alter the essential character of the neighborhood; and

4. That the hardship is not the result of action taken by the applicant or a prior owner.

Town Zoning Ordinance § 507.4.2. These requirements comport with the statutory prerequisites of 30 M.R.S.A. § 4963(3) (Supp.1986), which empowers municipal boards of appeal to grant variances. Upon examining the record before the Board, we conclude that although the Board correctly found that Bishop was not entitled to a variance, the Board erred as a matter of law in concluding that undue hardship would result if Saklad's request for a variance was denied.

The overriding factor in both cases before the Board is that of self-created hardship, Section 507.4.2(4). Because the ordinance was enacted pursuant to Section 4963, our prior decisions construing the statute govern our interpretation of the ordinance. We have stated that "when a landowner purchases land with actual or constructive knowledge of the zoning restrictions, he may not be granted a variance on the grounds of undue hardship." *Sibley v. Inhabitants of Town of Wells*, 462 A.2d 27, 31 (Me.1983). Here, both Bishop and Saklad had knowledge of the Town's Zoning Ordinance requiring that a backlot be served by a right-of-way that is 30 feet in width. Before entering into a contract to purchase Lot 3B from the Mullinses on July 18, 1985, Bishop and Saklad were denied a building permit to construct a residence on that lot by the Town's Code Enforcement Officer, on the ground that the right-of-way serving Lot 3B was not 30 feet wide as required by Town Zoning Ordinance § 305(p)(2). Their application to the Town Zoning Board of Appeals for a variance from that ordinance was filed on the same date on which they entered into an agreement to purchase Lot 3B. Both Bishop and Saklad therefore must be charged with constructive knowledge of the Town's zoning restrictions. Moreover, Saklad must be deemed to have actual knowledge

of the Town's zoning restrictions, in that he purchased Lot 3A *after* the Board's denial of Bishop's request for a variance, Saklad himself being a party in interest to that decision. Because both Bishop's and Saklad's hardships were self-created, we conclude that the Board correctly denied Bishop's variance request but erred as a matter of law in granting Saklad's variance request. We therefore need not address any of the other contentions assigned as error.

## IV.

Finally, Bishop argues that the Board's refusal to grant the requested variance constitutes a taking of her property in violation of the United States and Maine Constitutions. That issue is not properly before us on appeal. The issue of an unconstitutional taking was raised in Count III of Bishop's complaint, which, along with Count IV, had for administrative convenience been severed from the remaining counts. *See supra* n. 2. Because final judgment has not been entered on Count III, the issue is not properly before us. *See, e.g., Richardson v. Richardson*, 436 A.2d 1312, 1312 (Me.1981).

The entry is:

(a) *Bishop v. Town of Eliot, et al.* Judgment affirmed.

(b) *Robbins, et al. v. Town of Eliot and Richard Saklad*

Judgment vacated. Remanded to the Superior Court with instructions to enter judgment vacating the decision of the Town of Eliot Zoning Board of Appeals.

All concurring.