1998 ME 59

**William ROCHELEAU, et al.**

v.

**TOWN OF GREENE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 20, 1998.
Decided March 25, 1998.

Michael L. Dubois, Rocheleau & Associates, P.A., Lewiston, for plaintiffs.

Lee K. Bragg, Joan M. Fotrin, Bernstein, Shur, Sawyer & Nelson, P.C., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] William and Lyse Rocheleau appeal from the judgment entered in the Superior Court (Androscoggin County, *Perkins, A.R.J.*) affirming the decision of the Zoning Board of Appeals of the Town of Greene that denied their request for a variance. The Rocheleaus contend that the Board committed an error of law when it determined that because they had knowledge of the applicable zoning restrictions prior to their acquisition of the property, any hardship on their part was self-created. We agree and vacate the judgment.

[¶ 2] The Rocheleaus acquired an unimproved parcel of land fronting on Sabattus Lake from William's mother in 1984, and in 1996 they applied to the Town for a building permit that would allow them to construct a seasonal cottage on the property. The Town's building inspector denied the application because the 4,500 square foot lot did not meet the Town's lot size, road frontage, and setback requirements as set out in the Town's land use ordinance. The ordinance requires a minimum lot size of 40,000 square feet, a minimum road frontage of 250 feet, a water setback of 100 feet from the normal high-water line, and a minimum side setback of 25 feet. The Rocheleaus' proposed cottage would be set back 50 feet from the lake and 10 feet from the property sidelines.

[¶ 3] The Rocheleaus applied to the Town's Zoning Board of Appeals for a variance pursuant to 30–A M.R.S.A. § 4353(4) and section 8.3 of the Town's land use ordinance. After a site visit by the Board and a properly noticed hearing, the Board voted to deny the variance. The minutes from the hearing reflect that the Board cited our decision in *Bishop v. Town of Eliot,* 529 A.2d 798 (Me.1987), for the proposition that "if the applicant is a person who bought the lot after the ordinance took effect, he or she is presumed to have had knowledge of the restrictions on use of the lot which the ordinance imposes," and reasoned "[f]rom this it seemed to be clear that Mr. Rocheleau had a 'self-created' hardship." The Board's written notice of decision stated in full:

> It is noted that the lot does not conform to lot requirements per the Shorelands Zoning Ordinance section of the Town of Greene Land Use Ordinance which has been adopted by the Town of Greene. The Board did not feel that the Rocheleau application adequately meets the "hardship" requirements and that indeed the facts of the case speak to "self-created" hardship on the part of the Rocheleaus.

The Rocheleaus subsequently filed a complaint for review pursuant to M.R. Civ. P. 80B, the Superior Court affirmed the decision of the Board, and this appeal followed.

[¶ 4] When the Superior Court acts as an intermediate appellate court, we independently examine the record and review the decision of the Board of Appeals for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record. *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me.1995). A Zoning Board of Appeals may grant a variance from a zoning ordinance only on a finding that strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. 30–A M.R.S.A. § 4353(4) (Supp. 1997). To prove undue hardship a petitioner must establish the existence of each of the four criteria set out in section 4353(4):

A. The land in question can not yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and

not to the general conditions in the neighborhood;

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner.

■ [¶ 5] The Rocheleaus argue that the Board applied an incorrect standard when it based its denial of the variance on the fact that they had knowledge of the zoning restrictions at the time they acquired the property, and therefore any hardship on their part was self-created. We agree. In *Bishop*, which the Board cited as its sole authority for denying the Rocheleaus' petition, we stated that " 'when a landowner purchases land with actual or constructive knowledge of the zoning restrictions, he may not be granted a variance on the grounds of undue hardship.' " *Bishop*, 529 A.2d at 801 (quoting *Sibley v. Inhabitants of Town of Wells*, 462 A.2d 27, 31 (Me.1983)). In *Twigg*, however, we reviewed the line of cases that culminated with *Bishop* and rejected the broad rule that actual or constructive knowledge of the restrictions of a zoning ordinance prior to purchase of a property is tantamount to a self-created hardship, holding instead that such knowledge is only one factor to be considered in the self-created hardship analysis.[1] Because the Board failed to acknowledge *Twigg*'s abrogation of the self-created hardship rule enunciated in *Bishop*, its finding that the Rocheleaus "had a 'self-created' hardship" was based on an error of law and cannot stand. Moreover, because we are unable to determine from the record whether the Board's denial of the variance could be based on the Rocheleaus' failure to meet any of the remaining undue hardship requirements, we remand for a redetermination of whether the Rocheleaus are entitled to a variance.[2]

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the Town of Greene Zoning Board of Appeals for further proceedings consistent with the opinion herein.

---

1. Knowledge of zoning ordinance restrictions by a purchaser of a nonconforming lot, without more, will hardly ever constitute a self-created hardship. "For years ... the general rule was that one who purchased property with actual or constructive knowledge of the restrictions of a zoning ordinance was barred from securing a variance." 3 EDWARD H. ZIEGLER, JR., RATHKOPF'S THE LAW OF ZONING AND PLANNING, § 38.06[2], at 38–104 (1997). With our decision in *Twigg*, however, we joined the majority of jurisdictions that have "altogether abandoned or modified [the general rule] into nonexistence." *Id.* Indeed, the old rule leads to two unintended negative consequences. The rule contravenes "[t]he historical policy of protecting the alienability of real property." *Lord v. Society for the Preservation of New England Antiquities, Inc.*, 639 A.2d 623, 625 n. 6 (Me.1994); *see also Strout v. Gammon*, 629 A.2d 43, 46 (Me.1993) (court seeks to ensure the free alienability of land). Few parties will be willing to purchase a nonconforming lot that cannot be developed even when the other variance requirements are met. As a result, the rule encourages otherwise undesired development of nonconforming lots in order to facilitate their sale.

2. This is not the first time we have been presented with a case involving a municipal body's failure to provide adequate support for a decision on the record. "We deplore the fact that the Board in this case did not expressly articulate *all* the basic facts supporting its decision." *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me.1982). Zoning boards of appeals are in fact required by statute to make adequate findings and conclusions on the record. "All [board of appeals] decisions become a part of the record and must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, *upon all the material issues of fact, law or discretion presented....*" 30–A M.R.S.A. § 2691(3)(E) (1996) (emphasis added). Compliance with this statutory requirement will have the complementary effects of facilitating judicial review and enhancing judicial economy.