STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-38

DHM — KEN-ɔ/ɔ4 ɔ͡ɔ͡4

MITCHELL PHAIAH,

 Petitioner

v.

TOWN OF FAYETTE,

 Respondent

**DECISION AND ORDER**

DONALD L. CARPENT
LAW OFFICE

**APR 23 2004**

 This matter is before the court on complaint seeking review of a decision of the Town of Fayette Board of Appeals pursuant to M.R. Civ. P. 80B and 30-A M.R.S.A. § 2691. The decision was a denial of petitioner's application for a variance to obtain a permit to construct a residential building near the shore of Lovejoy Pond.

 Petitioner purchased the approximately 2.6 acre lot from its two previous co-tenant owners by two deeds, December of 1991, and June of 1993. In accordance with the zoning ordinance then in existence, the previous owners had secured a permit to construct a home on the lot, in the shoreland zone, by a vote of the Fayette Planning Board on January 8, 1991. According to the terms of the shoreland zoning ordinance then in effect in Fayette, this permit expired on or about June 8, 1992. No construction took place. Beginning in 2001, Mr. Phaiah began to consider selling his lot on Lovejoy Pond and hired an engineer to perform a site evaluation. After meeting with the code enforcement officer and upon examining the lot, the engineer realized that due to changes in the land use regulation voted at the June 17, 2000 Town Meeting, an overlap was caused of the shoreland setback and the road setback on the land in question. Thus, there was no place on the 2.6 acre lot where a house could be built.

The engineer, as petitioner Phaiah's agent, applied to the Town of Fayette Planning Board on February 11, 2002 for a permit. After a site visit and some further discussion, the Planning Board denied the application on April 22, 2003. An application for a variance based on undue hardship pursuant to 30-A M.R.S.A. § 4353(4) and Article 3, § 3(H) of the TOWN OF FAYETTE, LAND USE ORDINANCE, adopted June 17, 2000, was denied by the Town of Fayette Board of Appeals on May 15, 2003.

In regard to an application for a variance, the TOWN OF FAYETTE ZONING AND LAND USE ORDINANCE provides that the Board of Appeals shall hear and decide requests for variances. On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶10, 763 A.2d 1168, 1171 (*citing Sproul v. Town of Boothbay Harbor*, 2000 ME 30,8, 746 A.2d 368, 372. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the petitioner must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

Petitioner applied for a variance from the setback requirements found in the TOWN OF FAYETTE LAND USE ORDINANCE (hereinafter "the ordinance") adopted in June of 2000. There is a fifty-foot setback required from roads, *Id.* at § 6(B), and a one hundred foot set back from "the high water line of a waterbody or a wetland."[1] *Id.* at § 6(C)(3). These increased set backs work to deny the petitioner the right to obtain a permit to construct a building (and, importantly in this case, diminish resale value) as they overlap. Petitioner had applied, as noted above, for a variance based on hardship.

There is, under Article 3, § 3(H) of the ordinance, a four-part test defining hardship qualifying for a variance that is identical to that in the relevant statute:

> A. The land in question can not yield a reasonable return unless a variance is granted;
>
> B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
>
> C. The granting of a variance will not alter the essential character of the locality; and
>
> D. The hardship is not the result of action taken by the applicant or a prior owner.

30-A M.R.S.A. § 4353(4) (2003).

Petitioner maintains "the Board, after deliberation, found that [he] met the first three requirements." RespondentTown of Fayette disagrees with this contention saying it "simply ignores the Board's specific finding with respect to the first criteria." Petitioner further argues that the Board was incorrect in finding pursuant to 30-A M.R.S.A. § 4353(4) and Article 3, § 3(H) of the ordinance that "the hardship is a result of action taken by the applicant or a prior owner." Specifically, the Board found:

---

[1] It is the inclusion of the wetland that is the major modification from the previous ordinances.

The prior owners did not take advantage of an approval granted by the Town in 1991 which would have allowed for the development of the lot without the need for a variance from setbacks.

Regarding the action/inaction of the previous owners, petitioner argues that the new ordinance, promulgated in the year 2000, was the action that made his lot unbuildable and not an "action taken by the applicant or a prior owner." The previous owners, according to petitioner, bought a buildable lot and sold a buildable lot. It should be noted that for over six months, Mr. Phaiah himself was one of the "previous owners" as he was a cotenant.

Petitioner argues that he had no expectation that he would not be able to build on his lot seven years after he gained sole interest in the property. He cites Law Court cases that state that knowledge of a zoning restriction prior to purchase is no longer considered a self-created hardship. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995) ("The Board's conclusion that knowledge of zoning restrictions prior to the purchase of property is tantamount to self-created hardship is an error of law."); *Rocheleau v. Town of Greene*, 1998 ME 59, ¶5, n.1, 708 A.2d 660 ("Knowledge of zoning ordinance restrictions by a purchaser of a nonconforming lot, without more, will hardly ever constitute a self-created hardship."). Respondent responds that it did not rely on actual or constructive knowledge of zoning regulations in finding a self-created hardship. Instead, according to respondent the Board relied on the failure of the prior owners, including the petitioner, to make use of their building permit.

In response to petitioner's argument that his variance was denied solely because he failed to meet the fourth criteria (hardship not the result of action taken by the applicant or a prior owner), respondent vigorously asserts that petitioner failed to meet the first criteria, namely that this land can yield a reasonable return without a variance.

The written decision by the Board of Appeals dated May 15, 2003, and signed by its chairman and four members follows a preprinted form to be completed by filling in the blank lines. It includes entries to be made for Findings of Fact, Conclusions of Law, Decision, among other things. The portion in question is found under part B Conclusions of Law, (1) Undue Hardship, Dimensional Variance. In the decision in question, the Board has indicated, "the applicant has not shown that strict application of the ordinance in the applicant's property would cause undue hardship." This decision is made on the form by circling the words "has not." Following that entry, the form called for the Board to state facts that support the decision. The form follows the four criteria found in the law. The actual decision in that regard is as follows:

(a)     The land in question cannot yield a reasonable return unless a variance is granted; however, applicant has proposed a project that the Board considers to be more than a reasonable return.
(b)     The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood; wetlands in the property create additional setback limitations that are not unique to the general conditions of the neighborhood.
(c)     The granting of a variance will not alter the essential character of the locality:  other lots currently have structures as close; and or closer to the water and the road.
(d)     The hardship is the result of action taken by the applicant or a prior owner; the prior owners did not take advantage of an approval granted by the town in 1991 which would have allowed for the development of the lot without the need for a variance from setbacks.

The first sentence in each finding is preprinted on the form and provides the Board the opportunity to circle either the affirmative or the negative in the sentence. This court considers the preprinted form sentences to be the facts and the language appearing after the semicolons to be specific and supplemental to the decision.

Citing the Board's finding that "the applicant has proposed a project that the Board considers to be more than a reasonable return." Fayette Board of Appeals Notice of Decision at 3-16 (R. 15), defendant relies on Law Court rulings that they say define

loss of "reasonable return" as "the practical loss of all beneficial use of the land." Citing, *Twigg v. Town of Kennebunk*, 662 A.2d 914, 918 (Me. 1995), which in turn cites *Greenberg v. DiBiase*, 637 A.2d 1177, 1179 (Me. 1994).

Respondent notes that petitioner can use this land, under the ordinance, without further permitting for "non intensive recreation" and that other uses, such as camping and temporary and/or permanent piers are permitted subject to planning board review. Petitioner responds in his Reply Brief by citing a case wherein the Law Court reversed the Town of Scarborough zoning board of appeals. *Marchi v. Scarborough*, 511 A.2d 1071 (Me. 1986). Petitioner argues that wherein that case the court found the workings of the set back requirement limiting the petitioner to a construction footprint no larger than five feet by nineteen feet met the four part test for hardship, surely argues petitioner, elimination of residential construction meets that test in the present action.

This court finds that the argument by the respondent is irrelevant. The decision by the Board of Appeals is that the land in question cannot yield a reasonable return unless a variance is granted. A comment by the Board as to the level of "reasonableness" provided by the terms of the application is surplusage and fully ambiguous if the language means to contradict its finding that the land cannot yield a reasonable return unless the variance is granted. Or is it simply an observation that the petitioner's use of the land with his application is more than some level of reasonableness? Either way, the statutory decision cannot be affected by the additional language.

The fundamental issue is whether a property owner who obtains a building permit under terms of a zoning ordinance existing at the time of the application and who fails to act on the permit by completing the construction within the time limits of the ordinance, can be foreclosed from obtaining a variance to build on the same

property after a more restrictive ordinance is adopted. Has the petitioner created the hardship by taking action, in this case, inaction? To so hold would require the court to conclude that there exists some duty on the part of a property owner to complete the construction approved by a permit.

An analysis of that question requires the court to consider the purpose of a time limitation in the issuance of a building permit. The limitation on the life of a permit is a regulation based upon administrative requirements rather than substantive concerns. From a substantive point of view, absent a change in the law, what difference does it make whether a person erects a structure within six months of receiving the permit or six years? As long as conditions remain the same, it should have no effect on the orderly control of development by a community. On the other hand, it is inherent in the law that legal and regulatory matters not be open-ended and that there be a finality to the decision process. It is based upon concerns of public policy and administrative efficiency. In the instant case, in the absence of the limitation of the effectiveness of the permit, the petitioner was entitled to erect a structure in accordance with the original permit under the original ordinance up until the change in the ordinance modifying the setback requirements. There is nothing in the record to indicate that upon the expiration of the 1991 permit, the petitioner would not have been granted a similar permit under the then-existing ordinance and the same conditions. At the very least, he would have met the then-existing set back requirements. Therefore, while the opportunity existed, petitioner was under no duty to proceed with construction.

Fundamentally, the petitioner purchased a buildable lot and was under no duty to build. The permit expired as a matter of administrative finality. Hardship is caused by the change in the ordinance on an existing lot rather than any "action" by the petitioner. Taking liberties with the language found in *Marchi v. Town of Scarborough,*

511 A.2d 1071, 1073, a landowner has the right not to develop his land; he has a right to sell it.

In the absence of any other portions of the record relating to the decision of the Board of Zoning Appeals, the court assumes that the language articulated in its written decision of May 15, 2003, is all of its findings and conclusions. "All boards of appeals decisions become a part of the record unless they include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented . . . " 30- M.R.S.A. § 2691(3)(E) as cited in *Rocheleau v. Town of Green*, 708 A.2d 660, 662. Having concluded that the Board determined that the petitioner had not shown that strict application of the ordinance would cause undue hardship based upon the single entry that the hardship is a result of action taken by the petitioner and having found that, as a matter of law, the Board may not make that conclusion solely on the basis that the petitioner and his prior owners did not fully execute an approval granted in 1991, the entry will be:

> In the matter of Notice of Decision – Variance dated May 15, 2003, regarding Mitchell Phaiah by the Town of Fayette Board of Appeals is REVERSED; the matter is REMANDED to the Town of Fayette Board of Appeals to issue its Certificate of Variance in accordance with law.

Dated: February 2*, 2004

Donald H. Marden
Justice, Superior Court

Date Filed __6/30/03__     __KENNEBEC__     Docket No. ___AP03-38___

County

Action ___80B APPEAL___

# J. MARDEN

MITCHELL PHAIAH      vs.   TOWN OF FAYETTE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RONALD COLBY ESQ<br>PO BOX 1051<br>AUGUSTA MAINE 04332<br>KEITH R VARNER ESQ | David M. Sanders, Esq.<br>P.O. Box 271<br>Livermore Falls, Maine 04254 |

| Date of Entry | |
|---|---|
| 6/30/03 ------- | Complaint (Rule 80B Appeal), filed. s/Colby, Esq.<br>Notice of briefing schedule mailed to atty. |
| 7/18/03 | Original Summons with service made on Ann Grenier for Town of Fayette with service made on 6/30/03, filed. |
| 7/21/03 | Answer, filed. s/Sanders, Esq. (filed 7/18/03) |
| 8/4/03 | Motion to Enlarge Time to File Brief with Proposed Order, filed. s/R. Colby, Esq. |
| 8/11/03 | ORDER ENLARGING TIME TO FILE BRIEF, Marden, J. (dated 8/8/03)<br>Time extended to August 25, 2003.<br>Copies mailed to attys of record. |
| 8/26/03 | Plaintiff's Brief, filed. s/Colby, III, Esq. (filed 8/25/03)<br>Record, filed. s/Colby, Esq. |
| 9/11/03 | Fayette Shoreland Zoning Ordinance (which should be included as exhibit 20 filed. s/D. Sanders, Esq. |
| 9/17/03 | Defendant's Brief, filed. s/Sanders, Esq. |
| 9/26/03 | Plaintiff's Reply Brief, filed. s/Colby, Esq. |
| 12/17/03 | Hearing had on oral arguments with Hon. Justice Donald Justice Marden, presiding.<br>R. Colby, Esq. for the Plaintiff and D. Sanders, Esq. for the Defendant.<br>Court to take matter under advisement. |
| 2/20/04 | Letter entering appearance, filed. s/Varner, Esq. |
| 2/25/04 | DECISION AND ORDER, Marden, J. (Dated 2/24/04)<br>    In the matter of Notice of Decision-Variance dated May 15, 2003, regarding Mitchell Phaiah by the Town of Fayette Board of Appeals is REVERSED; the matter is REMANDED to the Town of Fayette Board of Appeals to issue its Certificate of Variance in accordance with law.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br>Notice of removal of record mailed. |