STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                 DOCKET NO.  AP-12-012
                                            PJ+   _YOR- ///>/-'>/~


EILEEN PFEIFFER,

            Plaintiff

      v.                              **ORDER**


INH. TOWN OF OLD ORCHARD
BEACH

      and

THOMAS HICKEY,

            Defendants


Eileen Pfeiffer is the owner of the 8,524 square feet Lot 2 in the Ocean Fairways subdivision in Old Orchard Beach. The defendant Thomas Hickey is the owner of abutting Lot 8. Mr. Hickey applied for variance from the Old Orchard Beach Zoning Board of Appeals seeking "reinstatement of buildable status of lot." After a hearing his request was granted. Ms. Pfeiffer has appealed that decision to this Court. The appeal has been briefed and argued.

Mr. Hickey acquired his lot in October of 2007, *see* Book 15288, Page 678. The lot is listed as having an area of 13,328 square feet, which is below the required minimum lot size of 20,000 square feet for the R2 zone where the property is located.

Pursuant to state law a zoning board of appeals "… may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. The term 'undue hardship' as used in this subsection means:

A. The land in question can not yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner."

*See* 30-A M.R.S.A. §4353(4). Also *see* Section 78.1 of the Old Orchard Beach Zoning Ordinance.

In this case there is no dispute that the first three requirements have been met. The issue on appeal is whether Mr. Hickey, as the applicant for the variance, has met the fourth requirement.

Old Orchard Beach, like many municipalities, has a merger provision in its land use or zoning ordinance, *see* Section 78-145 of the Zoning Ordinance which acts to merge substandard lots in common ownership to produce a lot or lots that meet the Town's requirements. This case involves the intersection of the merger provision with the variance requirement that the hardship, of a too small lot, not be the result of action taken by the applicant or a prior owner.

In 1986 the Old Orchard Beach Planning Board granted subdivision approval. The lots were of modest size. In June of 1987 what is now the plaintiff's lot (Lot 2) was conveyed from the developer to Gerald Nadeau and Elizabeth Nadeau. In August of 1994 the Nadeaus purchased what is now the defendant's lot (Lot 8). However effective in September of 2001 the Town of Old Orchard Beach revised its zoning ordinance by adding Section 78-145 entitled merger of lots. That amendment required lots 2 and 8 to be combined into one lot to meet the lot area requirements of the zone. Lot 2 already had a year round home while Lot 8 was and remains unimproved. The

2

ordinance stated that, "... no portion of the lots so merged which does not meet the lot area and lot frontage requirements of this chapter may be built upon or may be sold if such sale would result in separate ownership of the nonconforming portion."

Despite the merger provisions the estate of Elizabeth Nadeau separately sold Lots 2 and 8. Lot 8 was sold in June of 2007 to a Thomas Groves who in turn sold it to Thomas Hickey in October of 2007. Those sales should not have taken place. The question is whether a variance should have been granted when the hardship was created by the actions of prior owners selling a lot that could not and should not have been sold.

In *Twigg v. Town of Kennebunk*, 662 A.2d 914 (Me. 1995) the Law Court comprehensively examined the law concerning self-created hardships in the context of a request for a variance. The Law Court held, at 918, "... that actual or constructive knowledge of the zoning ordinances prior to purchase of the property may be considered by the Board as a factor in evaluating self-created hardship, but is not determinative of such hardship." Also see *Rochelau v. Town of Greene*, 1998 ME 59, ¶5, 708 A.2d 660,2 (Me. 1998).

Here Mr. Hickey had no actual knowledge of the merger provision or the impropriety of the sales of a portion of a merged lot. He had even received indirectly incorrect advice from a town official that his lot was buildable.

*Twigg* and *Rocheleau* are clear that a person is not precluded from seeking a variance just by purchasing a substandard lot where the person has actual or constructive knowledge that a variance is needed. Mr. Hickey's case is different though. The town ordinance effectively took two lots, both of which were too small, and created one which had sufficient lot size. The ordinance prohibited the separation of and resale of the merged lots. It is the sales, by prior owners, which created the

3

hardship. A person cannot defeat the merger provisions by ignoring them and selling a portion of a merger parcel. The hardship was created, not by the purchase of a substandard lot, which needed a variance, but rather by the sale of a portion of a merged lot.

The Zoning Board of Appeals was understandably sympathetic to Mr. Hickey who spent some $75,000 buying what he thought was a buildable lot. A purpose of the zoning laws and the purpose of the merger provision is to bring non-conforming lots into conformity. A variance in this case defeats that goal. The Zoning Board of Appeals was in error in granting the variance. It is correct that Ms. Pfeiffer is a successor in interest to the entity that created the hardship. She, however, did not create the hardship by selling the unimproved merged portions of the lot and has the right to bring this suit.

The entry is:

Decision of the Town of Old Orchard Beach Zoning Board of Appeals granting a variance to Thomas Hickey is reversed.

Dated: July 5, 2012

Paul A. Fritzsche
Justice, Superior Court

Plaintiff's Attorney
ALAN E. SHEPARD, ESQ.
SHEPARD & READ
93 MAIN STREET
KENNEBUNK ME    04043

DAVID J JONES ESQ:for Thomas Hickey
JENSEN BAIRD GARDNER & HENRY
11 MAIN ST SUITE 4
KENNEBUNK ME    04043

Attorney for Old Orchard Beach
PHILIP SAUCIER
ROBERT CRAWFORD
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME    04104-5029

4