2001 ME 178

**CHAPEL ROAD ASSOCIATES, L.L.C.**

v.

**TOWN OF WELLS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 15, 2001.
Decided: Dec. 27, 2001.

Ralph W. Austin, Woodman Edmands Danylik & Austin, P.A., Biddeford, for plaintiff.

Durward W. Parkinson, Susan Bernstein Driscoll, Catherine O'Connor, Bergen & Parkinson, LLC, Kennebunk, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Chapel Road Associates, L.L.C., appeals from the judgment of the Superior Court (York, *Brennan, J.*) affirming the decision of the Town of Wells Planning Board to deny Chapel Road Associates' site plan application for the development of a sandwich shop at the intersection of Chapel Road and U.S. Route One in Wells. The Planning Board denied the application for failure to comply with the traffic standards in the Town's Land Use Ordinance. Chapel Road Associates argues that the Board erred in its decision by improperly relying on its own members' personal knowledge and opinions along with the general concerns and opinions of members of the public in contradiction to expert evidence that demonstrated compliance with the traffic section of the ordinance. Because we conclude that the Board's findings of fact are insufficient to permit appellate review, we vacate the Superior Court's judgment with instructions to remand the matter to the Board for findings of fact.

## I. FACTS AND PROCEDURE

[¶ 2] Chapel Road Associates owns a parcel of land located at the corner of Route One and Chapel Road in Wells. It filed an application with the Board for site review approval of a proposed 3800 square foot, one-story sandwich shop with thirty-five seats. Its property is located in the

general business zoning district, and a sandwich shop is a use permitted in that district.

[¶ 3] With its application, Chapel Road Associates submitted a traffic impact study prepared by Eaton Traffic Engineering. DeLuca Hoffman Associates, Inc., at the request of the Board, prepared a traffic analysis report which raised issues with the Eaton analysis.

[¶ 4] The Board held a public hearing in April 2000, and members of the public expressed concerns about traffic in the area of the proposed sandwich shop. The Board continued the hearing to May to allow Chapel Road Associates an opportunity to consult with the Maine Department of Transportation regarding plans to modify the Route One/Chapel Road intersection and to address issues raised by DeLuca Hoffman about Eaton's traffic analysis. DeLuca Hoffman thereafter sent a letter to the Board stating that its questions had been adequately addressed and that the current proposal was acceptable.

[¶ 5] At the reconvened hearing, one citizen who had spoken at the April hearing renewed his concerns about public safety. The Board then held a workshop at which the members discussed traffic issues with the town planner as well as representatives from Eaton and Chapel Road Associates. Six discrete traffic issues were reviewed, including the proximity of the Chapel Road entrance to Route One; the stacking lane on Chapel Road; and the Route One entrance to the property. Board members expressed their personal experiences with traffic in the area of Route One and Chapel Road. The Board continued the workshop to June and invited a DeLuca Hoffman representative to discuss traffic issues.

[¶ 6] Chapel Road Associates then submitted revised plans. The Board met again and heard from the DeLuca Hoff-

man representative who stated that the previously expressed concerns of the Board members regarding traffic had been addressed. Following additional discussion by its members, the Board voted three to two to deny the application.

[¶ 7] The Board issued "Findings of Fact" which stated that the 1.02-acre parcel is located in the general business district; that abutters were notified of the proceedings; that the Board conducted a site walk and held a public hearing and several workshops; that the proposal is for a 3800 square foot fast food restaurant with forty-two parking spaces; and that the applicant submitted plans and studies considered by the Board. The findings also noted that the Board considered peer reviews of the traffic plan as well as staff reviews. The findings concluded with the following statement: "The Board finds that the applicant failed to demonstrate compliance with Chapter 138, Land Use Code of the Town of Wells, Maine. In particular, the applicant failed to demonstrate compliance with section 10.6.1 of this code . . . ." The Board then quoted the traffic portion of the ordinance:

Traffic. The proposed development shall provide safe access to and from public and private roads. Safe access shall be assured by providing an adequate number of exits and entrances that have adequate sight distances and do not conflict with or adversely impact the traffic movements at intersections, schools or other traffic generators. Curb cuts shall be limited to the minimum width necessary for safe entering and exiting. The proposed development shall not have an unreasonable adverse impact on the town road system and shall provide adequate parking and loading areas. No use or expansion of a use shall receive site plan approval if any parking spaces are located in a public right-of-

way or if any travel lane of a state number highway is used as part of the required aisle to access any parking spaces.

WELLS, ME., LAND USE ORDINANCE § 10.6.1 (1985–2000). Other than its general conclusory statement that Chapel Road Associates failed to demonstrate compliance with section 10.6.1, the Board made no findings concerning traffic. The Board's findings neither indicated the portions of section 10.6.1 that were not met by the proposal nor stated the evidence upon which it relied in determining noncompliance.

[¶ 8] Chapel Road Associates filed a complaint in the Superior Court pursuant to WELLS, ME., LAND USE ORDINANCE § 10.9.2.2, which provides for the appeal of a Planning Board denial directly to the Superior Court, and M.R. Civ. P. 80B. The Superior Court affirmed the Board's decision in a brief order.

## II. DISCUSSION

■ [¶ 9] We review directly the decision of the Board for abuse of discretion, errors of law, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit,* 2001 ME 53, ¶ 6, 769 A.2d 172, 175. The Board's inadequate findings of fact, however, prevent us from reviewing whether those findings are supported by substantial evidence.

■ [¶ 10] Meaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis. *Christian Fellowship & Renewal Ctr. v. Town of Limington,* 2001 ME 16, ¶¶ 10–15, 769 A.2d 834, 837–39. In the absence of such findings, a reviewing court cannot effectively determine if an agency's decision is supported by the evidence, and there is a danger of "judicial usurpation of adminis-

trative functions." *Id.* ¶ 15, 769 A.2d at 839 (quoting *Gashgai v. Bd. of Registration in Med.,* 390 A.2d 1080, 1085 (Me. 1978)). Adequate findings also "assure more careful administrative considerations, help parties plan cases for rehearing or judicial review and … keep agencies within their jurisdiction." *Id.* (quoting *Maine AFL–CIO v. Superintendent of Ins.,* 595 A.2d 424, 428 (Me.1991)); *see also Harrington v. Inhabitants of Town of Kennebunk,* 459 A.2d 557, 561–62 (Me. 1983) (remanding matter to agency in zoning context where findings were insufficient to allow judicial review).

[¶ 11] There is both a code and statutory requirement for adequate findings. Section 10.5.4.6 of the Wells Ordinance mandates the Planning Board to provide a site selection applicant with "detailed, written findings of fact and conclusions, based on the evidence presented at the public hearing and evidence presented by the applicant and evidence presented by Town staff." Maine's Freedom of Access Act requires agencies to make "finding[s] of … fact, in writing, sufficient to [apprise] the applicant and any interested member of the public of the basis for the decision." 1 M.R.S.A. § 407(1) (1989).

■ [¶ 12] The Board's findings in the instant case neither meet the requirements of the ordinance or statute nor are they sufficient to permit judicial review. As noted above, they consist of a summary of the proposed development; a statement that the Board considered the plans, specifications, and studies; and a conclusion that the applicant failed to comply with the traffic standard. This recitation does not constitute findings, *see Christian Fellowship,* 2001 ME 16, ¶ 7, 769 A.2d at 837, nor is this a case in which the facts found by the Board are obvious or in which the subsidiary facts can be inferred from stated conclusory facts, *see Wells v. Portland*

*Yacht Club,* 2001 ME 20, ¶ 10, 771 A.2d 371, 375. Because there is no indication of either the specific portions of the traffic standard on which the decision turned or an indication of the evidence on which the Board relied, there can be no meaningful inquiry as to whether the Board's decision was supported by the evidence.

[¶ 13] "[T]he remedy for an agency's failure to … make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review." *Kurlanski v. Portland Yacht Club,* 2001 ME 147, ¶ 14, 782 A.2d 783, 787 (quoting *Christian Fellowship,* 2001 ME 16, ¶ 12, 769 A.2d at 838). A court should not "embark on an independent and original inquiry," *Harrington,* 459 A.2d at 561, or review the matter by implying the findings and grounds for the decision from the available record.

The entry is:

Judgment vacated. The case is remanded to the Superior Court with instructions to remand the case to the Town of Wells Planning Board for further findings of fact.