STATE OF MAINE

YORK, ss.

CIVIL ACTION
DOCKET NO. AP-01-065

WILLIAM D. HOWELLS, et al.,

     Plaintiffs

v.

TOWN OF KITTERY, et al.,

     Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUN 20 2002

William Dean Howells and other residents of Lawrence Lane in Kittery have appealed from a decision of October 23, 2001 of the Kittery Board of Appeals granting a special exception to Jack Dudley to operate New England Arms Corporation, a dealer in rare and antique firearms, as a major home occupation. The proposal before the board was for Mr. Dudley to reside at property owned by James and Tudor Austin and operate New England Arms, a business that he was not a principal owner of, in a residential zone.

The applicant was Jack Dudley and the board determined that the "applicant" must "reside in the building on Lot 35-1 and the applicant (must) operate the New England Arms Corporation business". It is now undisputed that Mr. Dudley no longer resides or works there and that a Charles Schiff has apparently taken or will take his place. The first issue on appeal, raised in plaintiffs' motion for determination of mootness, is whether the departure of Mr. Dudley either moots the appeal or invalidates the special exception. The parties did not provide me with

any applicable portions of the Kittery Town Code that might answer the questions of what happens when the applicant is no longer involved with the property, or whether special exceptions run with the land or are not transferable.

In the absence of a Kittery ordinance that resolves these questions, I will assume that the change from Mr. Dudley to Mr. Schiff is of no consequence as the Board did not base its decision on the character of Mr. Dudley or any personal attributes of his. Who the applicant is does not matter for this type of "permit" as neither the applicant's good character nor financial solvency is a consideration.

The next issue is whether the Board made adequate findings of fact and conclusions of law. The Maine Supreme Judicial Court has recently tightened its requirements to demand more specifically, and an explanation of the reasoning behind decisions. *See Chapel Road Associates, L.L.C. v. Town of Wells*, 2001 Me. 178 (December 27, 2001) and *Christian Fellowship and Renewal Center v. Town of Limington*, 2001 Me. 16, 769 A.2d 2001 among other cases.

In this case the Board's decision explained what it did, but not how it got there or why it did it. For example, the central concern of the Town Code's section dealing with standards for a major home occupation is that the home occupation be an accessory use and that the home occupation be subordinate to the principal residential use. *See* Section 16.32.1180 of the Kittery Town Code. A reviewing court can infer that the Board made this finding, but a court cannot determine why or for what reasons it did. The ordinance suggests that certain quantitative and qualitative factors can be used in making that determination, but those factors are not

mentioned. Is this an accessory use to a residence, or is this a business that provides housing?

Since a remand is necessary for the Board to consider this central issue, the Board should also provide more detail regarding the sub-sections governing retail sales, neighborhood compatibility and large lots, and may make findings, if it wishes to, on what effects the departure of Mr. Dudley may have on the special exception that was granted.

The entry is:

> Plaintiffs' motion for determination of mootness is denied.
>
> Case remanded to the Kittery Board of Appeals with jurisdiction retained in the Superior Court for any further proceedings following remand.

Dated:      June 5, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
BRADLEY M LOWN ESQ
COUGHLIN RAINBOTH MURPHY & LOWN
439 MIDDLE ST
PORTSMOUTH NH   03801

DEFENDANT - TOWN OF KITTERY
DUNCAN A MCEACHERN ESQ
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME   03904-0360

DEFENDANT - JACK DUDLEY
PAUL F DRISCOLL ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME   04112-4600

3

STATE OF MAINE

YORK, ss.

WILLIAM DEAN HOWELLS, et al.,

Plaintiffs

v.                                          AP-01-065

TOWN OF KITTERY, et al.,

Defendants

**DECISION
AND
ORDER**

_____

TUDOR M. AUSTIN,

Plaintiff

v.                                          AP-02-061

TOWN OF KITTERY, et al.,

Defendants

GARBRECHT
LAW LIBRARY

JUN 11 2003

These two cases are the most recent installments in a dispute between the owner and operators of a rare and antique gun shop located in a residential neighborhood in Kittery and their neighbors.

In AP-01-065 Mr. Howells and other residents of Lawrence Lane challenged a decision of the Kittery Board of Appeals of October 23, 2001 to grant a special exception to a Jack Dudley to be the resident non-owner manager of a business called New England Arms Corp., which was located in a residential area on Lawrence Lane. The Kittery Zoning ordinance permitted some businesses to be conducted as a "major home occupation" in the residential district if the occupation was accessory to the principal residential use. Earlier in 2001 the Board had denied special exceptions for New England Arms twice. The first denial was based on a finding that the applicant was not

in residence. The second denial was based on a finding that the gun shop was the principal use not an accessory use.

While the appeal in AP-01-065 was pending Mr. Dudley severed his relationship with New England Arms. On June 5, 2002 I issued an order and decision which denied the plaintiffs' motion for determination of mootness but remanded the case to the Kittery Board of Appeals for further findings regarding how it reached its decision in October of 2001 that the use was an accessory use. The Board was also invited, if it wished, to examine how the departure of Mr. Dudley affected the case.

Since that remand the Board has been actively involved. On July 23, 2002 the Board explained its reasoning behind its October 2001 order and indicated that because two lots had been combined and the residential square footage exceeded the business square footage the residential use was primary and the business use accessory. The Board did indicate that Mr. Dudley had left.

Regardless of whether the departure of Mr. Dudley voids the permit, the Kittery ordinance at §16.32.1180(O) provides that the permits, which are renewable, cannot be issued for longer than a year. The October 2001 decision, which authorized a permit for a year, need not be reviewed as the permit has expired. The appeal in AP-01-065 has become moot and there is no reason to review it despite its mootness as none of the mootness exceptions apply. See Ten Voters of the City of Biddeford v. The City of Biddeford, 2003 ME 59, ¶8, (April 25, 2003).

On September 3, 2002 James Austin signed an application for his wife Tudor Austin, who is the owner of New England Arms Corp., for a special exception for the business. It was proposed that Ms. Austin would be in residence. On September 24, 2002 the Kittery Board of Appeals again considered this request for a special exception for a major home occupation. After a thorough hearing and thoughtful deliberations

2

the board voted 3 for and 3 against Ms. Austin's application. As it was a tie vote the application was denied.

The Board, since it was a tie vote, made findings that "the use of the house as a residence was subordinate to the business use of the arms company because whomever was running the business, including Ms. Austin and Mr. Dudley, would go to the 2,900 square foot house to reside." The Board also found that, "Given the fact that the business has been at this location for 20 years and owners have come and gone and people living on the property have come and gone, the Board felt that the principal use is a business and not a residence." Given these findings Ms. Austin appealed to the Superior Court in case AP-02-061.

Her appeal, which has been consolidated with AP-01-065, has been briefed and argued. She has filed a motion for leave to amend complaint. That motion will be denied as untimely.

The essential portion of the Kittery Zoning Ordinance is found at §16.32.1180(A). It reads as follows:

> Compliance with the Definition of a "Home Occupation." An applicant must be a resident of a dwelling on the premises where the home occupation will occur. An applicant who is not the owner of the property, but is residing on the premises, must submit written permission of the property owner for the proposed home occupation. As an accessory use, the home occupation(s) must be subordinate to the principal use. Quantitative measures that may be considered in determining whether a proposed activity is an accessory use include, but are not limited to, percentage and/or total amount of square footage attributed to the home occupation(s) use in relation to the residential use. Qualitative factors include, but are not limited to, the projected activity level of the home occupation(s) on the premises in relation to the residential use and whether the proposed home occupation is a traditional accessory use in the community.

The key question is whether New England Arms is a business that is an accessory use to a residence or whether the business is the principal use and the residence is accessory. Square footage is a consideration but is not determinative. The

3

Board had substantial evidence, even compelling evidence, that the business was the principal use and the residence an afterthought. The evidence suggested that the business only had someone in residence because it had to. I find that the Board was well within its discretion in making the findings that it did.

There is nothing in the history of this case that requires the Board to approve Ms. Austin's application because it approved Mr. Dudley's. The facts that Mr. Dudley moved out, another gentleman moved in and out and Ms. Austin presumably moved in finally made clear that the principal use is a business. Housing is at best a distant accessory use. If it was necessary to rule on the merits of AP-01-065, I would have determined that the Board was in error in finding that the business use was accessory, as the Board did not adequately examine all factors.

New England Arms should proceed to relocate its business, as it is clearly not an accessory use.

The entries are:

In AP-01-065, appeal dismissed.

In AP-02-061, judgment for the defendants on the complaint. Decision of the Kittery Board of Appeals of September 27, 2002 affirmed.


Dated: June 3, 2003

PLAINTIFF AP-02-061 & DEFENDANT JACK DUDLEY
PAUL F. DRISCOLL, ESQ.            IN AP-01-065
NORMAN HANSON & DETROY                  Paul A. Fritzsche
PO BOX 4600                             Justice, Superior Court
PORTLAND ME   04112-4600

PLAINTIFF-AP-01-065 & INTERVENORS IN AP-02-061
BRADLEY M LOWN ESQ
439 MIDDLE ST
PORTSMOUTH NH   03801

DEFENDANT TOWN OF KITTERY AP-01-065 & AP-02-061
DUNCAN MCEACHERN ESQ
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME   03904

4