STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                            Civil Action
                                                 Docket No. AP-02-053

SIMONE LAROSE,                      )
                                    )
        Plaintiff                   )
                                    )          DECISION AND ORDER
    v.                              )
                                    )
THE CITY OF BIDDEFORD, and          )          DONALD L. GARBRECHT
                                    )              LAW LIBRARY
PETER E. PETIT and KIM N. PETIT,    )
                                    )          SEP 5 2003
        Defendants                  )

This matter came before the Court for hearing on February 14, 2003. At that time, the Court requested that the parties meet to attempt to reach a mutually satisfactory resolution to some or all of the issues raised in this case. Counsel have reported to the Court that Plaintiff and Defendant Peter Petit have met but have been unable to agree upon a resolution. Because the parties have not been able to reach an agreement, they have requested that the Court continue its review of this matter.

Defendants Peter E Petit and Kim N. Petit are the owners of property located at 20 Forest Street in Biddeford, Maine. This property is located in the R-1-A zoning district. On April 8, 2002, the City's Code Enforcement Officer sent a Notice of Violation to Defendant Peter Petit. This Notice of Violation instructed Defendant Peter Petit to store all business related equipment, "including but not limited to tools, vehicles and trailers, in an approved enclosed storage area. Defendant Petit appealed the Notice of Violation to the Zoning Board of Appeals. At the same time, Rhonda and Steven Hebert, who were then owners of property abutting the Petit property, appealed the decision, arguing that the commercial use of the property was not permitted.

1

The Zoning Board of Appeals held separate hearings on the two appeals. At the conclusion of the hearing on the Heberts' appeal, the Board voted to deny the appeal. That decision was not appealed. At the same time, the Board continued the hearing on Defendant Petit's appeal. The Board conducted a public hearing on Defendant Petit's appeal on July 10, 2002. At that time, the Board, following its standard practice, did not allow Plaintiff or any other members of the public to participate in the hearing. According to a letter from Defendant Petit's counsel to the Board, the Board only heard testimony from the appealing party. However, if that person was someone other than the property owner, then the property owner would be allowed to present testimony. No one else, including abutting property owners, could speak at the public hearing.

At the conclusion of the hearing, the Board voted to grant Defendant Petit's appeal. The Board's findings of fact set forth the owner and location of the lot and what Defendant Petit sought in his appeal. The findings did not discuss the decision of the Code Enforcement Officer or any of the information submitted to the Board concerning the historical use of the lot. It also did not address the Zoning Ordinance's provisions governing nonconforming uses. The Board's decision stated that Defendant Petit could continue the commercial storage of outside equipment, provided that he place screening along the southwesterly property line. Plaintiff filed this appeal.

Both in her Brief and at oral argument, Plaintiff has challenged the decision of the Board as well as the procedures utilized at the Board's hearing on Defendant Petit's administrative appeal. Some of these challenges involve the legal interpretation of the City's applicable Zoning Ordinance and the application of that Ordinance to the facts in this case. However, I cannot reach those arguments at this time due to the failure of the

2

Board to enter sufficient findings of fact and conclusions of law to apprise the Court of the basis of its decision. At issue in this case was the Code Enforcement Officer's order to cease outside storage on the property. The Board's decision does not address whether such outside storage was lawfully created or any other relevant considerations. It simply allows the use to continue if screening is added to the property. This does not answer the fundamental issue in this case. If the outside storage was not lawfully created through some method recognized in the Zoning Ordinance, it may not continue under the provisions of that Ordinance. The Board's decision does not address this issue.

The findings and conclusions do not meet the requirements of 30-A M.R.S.A. § 2691(3)(E), which requires a "statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion and the appropriate order, relief or denial of relief. The written findings of fact also fail to meet the requirements of 1 M.R.S.A. § 407, which requires a written record of every conditional approval or denial of an application, "sufficient to appraise the applicant and any interested member of the public of the basis for the decision." Because the Board's findings and conclusion fail to meet these standards, this matter must be remanded to the Board. See Chapel Road Associates, L.L.C. v. Town of Wells, 2001 ME 178, ¶ 12, 787 A.2d 137, 140-141 (remedy for an agency's failure to make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review).

Furthermore, I find that the Board's decision to exclude the testimony of anyone other than Defendant Petit was an error of law that requires a new hearing by the Board. Section 2 of the Zoning Ordinance defines Plaintiff as an abutter to the Petit property.

3

Due to the close proximity of her property to the Petit property, there can be no question that her property interests are impacted by the use of the Petit property. Because of this, she was entitled to participate as a party in the hearing. See Fitanides v. City of Saco, 684 A.2d, 421, 423 fn. 1 (Me. 1996) (abutting property owners entitled to procedural due process rights).

Plaintiff has indicated that she does not want the Court to remand this matter. She has stated a concern that the Board of Appeals has already made its decision in this case and will not be willing to listen to her testimony or consider the evidence that she has already attempted to present, both on her own and through her son. These concerns are addressed by the requirement of this Order that the Board conduct a new hearing and allow full participation of neighboring property owners and their attorneys or other representatives.

The entry shall be:

For the reasons stated, the decision of the Board of Appeals is vacated and remanded to the Board for a new hearing on Defendant Petit's appeal. The Board shall allow neighboring property owners to participate in the hearing, through both oral testimony and submission of evidence.

This Court shall retain jurisdiction over this matter pending the action of the Board of Appeals.

Dated: _____5/29/03_____

Justice, Superior Court

PLAINTIFF:
Natalie Burns, Esq.
JENSEN BAIRD GARDNER AND HENRY
PO Box 4510
Portland Me 04112

ALL DEFENDANTS
Harry Center, Esq.
SMITH ELLIOTT SMITH AND GARMEY
PO Box 1179
Saco Me 04072

DEFENDANTS PETITS
John Turcotte, Esq.
LEVIS & HULL
409 Alfred St
Biddeford Me 04005

4