STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-072

PAF -YOR- 10/29 b⁙⁙

OGUNQUIT FALLS
MANAGEMENT, LLC,

Plaintiff

v.

**REMAND ORDER**

TOWN OF OGUNQUIT,

Defendant

NOV 9 2004

The plaintiff is the owner of The Falls at Ogunquit which is a vacation resort property. A dispute arose regarding its 2002 property tax assessment. An abatement request was filed, a partial abatement was granted, and an appeal was taken to the Ogunquit Board of Assessment Review which denied the request for abatement. A further appeal was taken to the Superior Court.

In a letter of January 29, 2004 the Board informed the plaintiff that its appeal had been denied and included brief findings of fact taken from its December 10, 2003 minutes.

In a series of cases the Law Court stressed the importance of local boards making adequate findings to allow judicial review. See, among others, *Christian Fellowship and Renewal Center v. Town of Limington*, 2001 ME 16, 769 A.2d 834 and *Chapel Road Associates, LLC. v. Town of Wells*, 2001 ME 178, 787 A.2d 137. It is insufficient to simply state as a finding that a witness testified to a particular point, that a board member said something or, in a conclusory fashion, that certain requirements were or were not met.

The Superior Court needs to know both what a board did and, at least briefly, why it did it.

In this case the appeal will be remanded to the Ogunquit Board of Assessment Review. The Board is requested to indicate whether it found that an agreement was or was not reached between the assessor and the plaintiff, which granted a partial abatement in turn for not appealing to the Board for an additional abatement. The Board shall also indicate why it reached its conclusion on this point. The Board will also examine the evidence presented by the parties regarding valuation and indicate why it found the contract assessor's valuation to be more persuasive than the evidence presented by the plaintiff. If this is done the Superior Court will know both that the request was denied and why it was.

The entry is:

Remanded to the Ogunquit Board of Assessment Review with jurisdiction retained by the Superior Court. Once the Board has submitted its additional findings to the Clerk of the Superior Court the Clerk shall issue a briefing schedule to allow for supplemental memoranda and oral argument.

Dated:        October 29, 2004

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

DEFENDANT:
WILLIAM H DALE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112-4510

2