STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-021

DONALD L. GARBRECHT
LAW LIBRARY

DEC 0 8 2006

LISA COMEAU, et al.,

Plaintiffs

v.

**ORDER**

TOWN OF KITTERY,

Defendant

This matter comes before the Court on Lisa Comeau's and other Kittery residents' 80B appeal of the Town of Kittery Planning Board's decision to approve construction of a 25,500 square foot recreational center.

## FACTUAL BACKGROUND

Lisa Comeau and other Kittery residents (the "Residents") seek reversal of a planning board decision approving the Town of Kittery's ("Town's") plan to construct a recreation center. The Residents are all abutters or members of the local community. The proposed site for the recreation center is on 5.6 acres of land owned by the Town at 2 Cole Street in Kittery's Admiralty Village Residential District, known as "Emory Field." The Town has unsuccessfully tried to create such a facility for several years, and the Kittery Community Center Building Committee ("Committee") recommended this location to the Town Council. The 25,500 square foot center would include a basketball court, exercise area, and meeting rooms, and would replace the 5,700 square foot wood-framed recreation center that has been on the same parcel since the 1940s. Additionally, 2,500 square feet of the center would be leased to York Hospital to be used for a

physical therapy practice. After retaining an architect and an engineering firm, Sebago Technics, which developed specific plans for the facility, the Town sought approval for the project from the Kittery Planning Board ("Board").

Following an extensive technical review process that included examining the adequacy of the Town's plan for parking, the impact of traffic, preservation of wetlands, and numerous other issues, the Board found that the application process had concluded and scheduled the matter for a public hearing.[1] The hearing occurred on December 15, 2005, and after the architect's and engineer's presentations, several residents spoke in opposition to the plan. Their principal concerns were the impact on this primarily residential area of increased traffic and a loss of wetlands and field space. In short, they argued that the Town should seek another location for the recreation center.

At the February 23, 2006 Board meeting, the landscape architect addressed concerns that had been raised at the prior meeting, including water runoff and drainage, wetland concerns, and lighting and parking issues, proposing strategies to combat these potential problems. On March 9, 2006, the engineering firm submitted a revised plan to address the above concerns, and the Board revisited the site plan at its March 23, 2006 meeting. The Board then determined that the proposal substantially complied with the Kittery Ordinance, and the chairman moved for approval of the plan with five conditions.[2] The Town agreed to adopt the meeting minutes as findings of fact and also accepted the listed conditions.

---

[1]     Although the official public hearing was on December 15, 2005, this project was discussed at Board meetings in April, August, October, and November 2005, as well as at meetings in February, March, and April 2006. Residents addressed the Board at several of these meetings.

[2]     The conditions were: demolishing the current rec center when the new one was finished, removing 23 parking spaces from the proposed lot, maximizing "open space," adding a light at a nearby intersection, and correcting one of the plan documents.

Lastly, at the April 13, 2006 meeting, the Board heard proposed changes to accommodate the conditions and concluded that the revised plan conformed to the new requirements. The Board then voted to adopt the plan. The Residents' 80B appeal followed. They contend that the plans for both the rec center and the physical therapy practice do not conform to the Kittery Land Use and Development Code and Comprehensive Plan. Moreover, they contend that they were not given a reasonable chance to express their views and that the Board neglected to consider some opponents' letters. The Town, however, contends that it entertained comments from the public several times, that the claim against the physical therapy facility is barred by res judicata[3], and that the proposed plan is consistent with the comprehensive plan and the ordinance's traffic requirements, and should therefore be affirmed.

## DISCUSSION

### 1. Standing & Standard of Review.

Town of Kittery Ordinance §16.24.020 permits "an aggrieved party" to appeal a planning board decision to the Superior Court per M.R. Civ. P. 80B within forty-five days of the board's decision. An "aggrieved party" is customarily one who was a party at the administrative level and "suffer[ed] a particularized injury." *Lewis v. Town of Rockport*, 2005 ME 44, ¶8, 870 A.2d 107, 110. "An abutting landowner has a particularized injury if there is a conceivable injury." *Id.*

Review of the board's findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶8, 865 A.2d 555, 558. This Court is "limited to determining whether the

---

[3] The ZBA held an evidentiary hearing on York Hospital's petition for a special use exception to allow the physical therapy program in the VR District and granted the exception on November 15, 2005. This decision prompted an 80B appeal by Ms. Comeau, but J. Fritzsche dismissed the appeal as untimely on May 4, 2006 (AP06-02). Ms. Comeau cannot indirectly challenge that decision in this action.

record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶14, 770 A.2d 644, 650. The party appealing a board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

Neither side challenges the standing of these Residents as aggrieved parties. The primary issues presented by this appeal are whether sufficient findings of fact supported the Board's approval of the recreation center, allowing for judicial review, and whether the proposed center plans conform to the Kittery Land Use Code and Comprehensive Plan.

2. Findings of Fact.

A threshold issue is whether the Board's findings in this case are sufficient to allow for judicial review. By statute, a zoning board is required to provide not only a statement of its findings of fact, but also "the reasons or basis" for them. 30-A M.R.S. §2691(3)(E) (2005). Adequate findings of fact are crucial to the Court's review of a zoning board's action under Rule 80B because "[m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the Court of the decision's basis." *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶9, 787 A.2d 137, 140.

For example, in the context of an 80B appeal considering a subdivision plan, the Law Court remanded for additional fact finding where the "findings" in the record merely consisted of the Board's "secretary's paraphrasing of the reasons given by some . . . of the Board members for their votes." *Carroll v. Town of Rockport*, 2003 ME 135, ¶31, 837 A.2d 148, 157. On remand, the Court instructed the Board to make findings "addressing each factor that must be considered" and noted that the comments in the minutes were "not findings." *Id.*

4

In this case, the Board adopted the meeting minutes as its findings of fact supporting its decision. Unlike the findings in *Carroll*, however, it is apparent from the record here that the Kittery Planning Board gave extensive time and attention to evaluating every aspect of the proposed project, including compliance with the land use ordinance and comprehensive plan. Not only did the architect and engineers make detailed presentations, which were transcribed by the Secretary, but concerned citizens also had the opportunity to express their views about the project on several occasions. Their presentations, therefore, are part of the record in this matter. In addition, the project underwent numerous revisions, each of which were thoroughly recounted in the minutes, to alleviate concerns and to bring the proposal in line with Code requirements. Consequently, the Board adopted these exhaustive deliberations as findings of fact, and the Board's thorough evaluation process demonstrates adequate fact finding for this Court to engage in "meaningful appellate review."

3. <u>Public Hearing.</u>

The Kittery Municipal Ordinance provides that a public hearing must be held so that the public may comment on pending site review applications. §16.36.040(A). The residents contend that the Town violated the ordinance by not affording them the requisite opportunity to speak out against the project.

Yet, opponents of the plan have had ample opportunity to express their views for the Board's consideration by speaking at the December 15, 2005 public hearing and by submitting written complaints.[4] Additionally, concerned citizens spoke to the Board about this project at its regular meetings on October 27, 2005 and November 10, 2005.

---

[4] Ms. Comeau contends that on April 13, 2006, she was not allowed to speak. But, it seems apparent from the minutes of that Board meeting that she was not allowed to speak first, while the Board addressed other matters, but was afforded a chance to address the Board later in the meeting when it started to consider the recreation center.

Although it is true that the Board had not reviewed some citizens' letters prior to its vote, the Board did entertain thorough public comments on almost every occasion on which it discussed this plan. As a result, concerned residents were afforded numerous opportunities to express their views about all aspects of the proposal, and the Board was well aware of the abutters' and residents' concerns. The Residents' contention that the hearing procedures were inadequate is therefore without merit.

4. <u>Compliance with the Comprehensive Plan.</u>

Additionally, the residents contend that the project violates the Kittery Comprehensive Plan ("KCP"). One of the Board's duties in reviewing applications such as this is to determine whether they comply with the KCP. The plan itself states that the current recreational center at Emery Field is in poor condition and does not serve the recreational needs of residents. One of the goals set forth in the plan is to meet the Town's recreational needs by providing appropriate facilities; the plan goes so far as to encourage the Town to consider enlarging the current facility. KCP p. 134.

The Board thoroughly addressed the project's compliance with the KCP at each meeting and created specific conditions that would enhance conformity with both the ordinance and with the plan. Moreover, the Board ultimately decided that the project, as amended, complied with the applicable standards, and the project was designed and later altered to effectuate the plan's goals. It cannot be said that the Board abused its discretion in this regard.

5. <u>Compliance with the Ordinance's Traffic Provisions.</u>

When evaluating a development proposal, the ordinance requires that the Board ensure that the proposal would not "cause unreasonable highway or public road congestion or unsafe conditions." §16.36.070(1)(e). In addition, the proposed project must not substantially increase traffic on neighboring roads. §16.32.120C. The

6

Residents contend that the new recreation center would generate too much traffic, impeding access to their neighborhood and creating congestion in the surrounding area.

But, substantial testimony was presented at the various meetings in connection with this project, demonstrating that the Board gave ample consideration to the traffic implications of this project. It reviewed a comprehensive study, heard from engineers, and entertained the input of concerned residents. Indeed, the Board made it a condition of approving the project that when the State determined it practicable, a traffic light would be added at the most problematic intersection, and money would be reserved to that end. The Town Council later appropriated those funds. There is extensive evidence in the record, therefore, showing that the Board considered these requirements at length. As this Court's review of a Board's factual findings is deferential, it cannot be said that the Board abused its discretion by accepting the revised plan's provisions regarding traffic problems.

## CONCLUSION

The Planning Board's decision is affirmed, as it is supported by "substantial evidence in the record" and was not, therefore, an abuse of discretion.

The clerk may incorporate this order in the docket by reference.

Dated:        November 7 , 2006

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:
ALAN SHEPARD ESQ
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME   04043-7086


DEFENDANT:
DUNCAN A MCEACHERN ESQ
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME 03904