STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: AP06-042

MORRILLS CORNER, LLC

            Plaintiff       STATE OF MAINE
                    Cumberland, ss, Clerk's Office  **ORDER ON PLAINTIFF'S**
                            SUPERIOR COURT  **RULE 80B APPEAL**

    v.                          APR 13 2007

CITY OF PORTLAND            **RECEIVED**

            Defendant

DONALD L. GARBRECHT
LAW LIBRARY

AUG 02 2007

This matter comes before the Court on Morrills Corner, LLC's 80B appeal of administrative action taken by the City of Portland.

## BACKGROUND

Plaintiff Morrills Corner, LLC ("Morrills Corner") is a Delaware limited liability company that was formed for the purpose of handling a development project in Portland, Maine. To initiate the project, Packard Development, LLC, Morrills Corner's predecessor in interest, entered into a Conditional Zone Agreement ("CZA") with Defendant City of Portland ("the City") in 2004, which was revised in May 2005.[1] The CZA was intended to govern development of twenty acres of land in the vicinity of 33 Allen Avenue in Portland, to be called Morrill's Crossing, due to the unusual nature of the project.

According to the CZA, the project must comply with and be subject to the City's Land Use Code. The project consists of a redevelopment of apartments and townhouses and adds more residential units, a grocery store, walking trails,

---

[1] The May 2005 version is recorded in the Cumberland County Registry of Deeds at Deed Book 23341, Page 114.

1

a playing field, and a boxing/ health club facility. The CZA incorporated several exhibits, including Exhibit B, a site plan drawing, and Exhibit D, architectural renderings of the proposed development. Also, Paragraph 13 of the CZA states that the agreement is subject to restrictions imposed by the City Council.

As required by the CZA, Morrills Corner submitted an application for site plan and subdivision approval in July 2005. These applications were supported by traffic and parking studies, and notice of the project was provided to residents in the neighborhood. A neighborhood meeting was held on December 15, 2005 to discuss the project. The Community Development Committee ("CDC"), a subset of the City Council, also participated in numerous workshops and evaluations of the project. The full City Council extensively discussed the project and analyzed the site plan that was incorporated into the CZA.

In October 2005, the City's zoning administrator, Marge Schmuckal, issued an opinion that the site plan complied with zoning regulations. The dimensions on Exhibit B initially had been listed as 4,000 square feet for the existing boxing facility, with an expansion of approximately 10,000 square feet. No mention of the number of stories was made on Exhibit B, although the number of stories was listed for other buildings on the plan.

The administrator issued a revised opinion in January 2006, again stating that the project complied with zoning regulations, including setbacks, permitted uses, and the height limit. But, she noted that consistency with the CZA remained at issue and would have to be reviewed by the Planning Board. Specifically, she noted that CZA paragraph 3 requires that the development occur "substantially in accordance with the Site Plan shown on Exhibit B." The

2

CZA provides that it may allow minor deviations and that each phase of development remains subject to site plan review.

In February 2006, Morrills Corner submitted a revised site plan, reducing the footprint to 14,000 square feet and showing a single-story building. By June 2006, however, another revised plan was submitted, depicting a three-story, 42,484 square foot building due to the terms of Morrills Corner's lease. The new plan listed a ground floor area of 15,090 square feet, a second floor area of 11,922 square feet, and a third floor area of 15,462 square feet.

The Planning Board ("the Board") held a public hearing on July 11, 2006, after which it determined, by a vote of 6-0, that the application complied with the CZA. The Board also granted subdivision and site plan approval, subject to a condition that the building could not exceed 14,000 total square feet. It also stated that it would have to review and approve the amended plan incorporating the reduction in size. The Board issued its findings and conclusions to that effect on August 3, 2006. As the condition of approval would become final and binding absent an appeal, Morrills Corner filed this 80B appeal, solely contesting the condition limiting development to 14,000 square feet. It argues that the imposition of this condition constituted an error of law and/or abuse of discretion because the City misinterpreted the CZA. The City contends that the Board properly imposed that condition.

## DISCUSSION

1. Standard of Review.

Review of board findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. A municipal board's interpretation

3

of a zoning ordinance, however, is a legal question entitled to de novo review. *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 11, 870 A.2d 107, 110. The issues presented by this appeal are whether the Board committed legal error when it limited the size of the boxing facility, and whether that condition was supported by substantial evidence in the record.

## 2. Did the City Err By Adding a Condition to Morrills Corner's Approval?

A threshold matter is the sufficiency of the Board's findings. Morrills Corner argues that the Board's conclusions of law and findings of fact are insufficient because it inadequately explained its rationale for imposing the condition. Morrills Corner maintains that it is unclear whether the Board added the condition because the plan was incompatible with the CZA or the ordinance, or for other reasons. The City contends that there was ample discussion on the record to illuminate the Board's reasoning.

By statute, a municipal board is required to provide not only a statement of its findings of fact, but also "the reasons or basis" for them. 30-A M.R.S.A. § 2691(3)(E) (2005). Adequate findings of fact are crucial to the Court's review of a zoning board's action under Rule 80B because "[m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the Court of the decision's basis." *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶ 9, 787 A.2d 137, 140.

For example, in an 80B appeal considering a subdivision plan, the Law Court remanded for additional fact finding where the "findings" in the record merely consisted of the Board's "secretary's paraphrasing of the reasons given by some . . . of the Board members for their votes." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 31, 837 A.2d 148, 157. On remand, the Court instructed the Board to

4

make findings "addressing each factor that must be considered" and noted that the comments in the minutes were "not findings." *Id.*

Although meeting minutes are not a part of a board's findings, this Court may examine them to aid it in understanding "incomplete or ambiguous findings" of fact. *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 14 n.1, 834 A.2d 916, 920. A review of the transcripts and meeting minutes of the CDC, City Council, and Planning Board reveals some confusion about the parties' understanding of square footage limits during the evolution of the plan. Paragraph 10 of the CZA provides that § 14-185 of the City's Land Use Code ("LUC"), which controls the B-2 zoning district, governs the project's dimensional standards. That section of the LUC does not list a 14,000 square foot limitation, although the CZA may modify portions of the LUC for this project. As noted above, the sketch plan was incorporated into the CZA. Although the initial plan was for an expansion of the existing facility to approximately 14,000 square feet, Morrills Corner argues that the project should not be limited to that figure in the absence of an express prohibition.

Nevertheless, it appears that the Board adopted the footprint limits in Exhibit B as overall limits on square footage. It is not entirely clear why the Board did so, although it did discuss concerns of residents in the area. While the findings of fact go into great detail as far as listing conditions and explanations for the traffic movement permit and subdivision review, in the conditional zoning section, its "findings" are a cursory statement that the condition would be required. Despite the extensive record in this case, the findings do not adequately explain the Board's factual or legal rationale for a total limit of 14,000 square feet, especially in light of the CZA's language that alterations may be

5

made if they are consistent with the overall development scheme. This matter, therefore, is remanded for consideration of this sole issue. The Board must consider whether the 14,00 square foot limit should pertain to the footprint only or to the entire structure, and must make findings of fact that specifically address and explain its rationale for the condition.

The entry is:

Plaintiff's 80B appeal is GRANTED. The matter is remanded to the Portland Planning Board for further fact finding pertaining only to the condition limiting square footage. The Board should take such action within 90 days.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _April 13, 2007_

Roland A. Cole
Justice, Superior Court

6

Date Filed 8-10-06        CUMBERLAND        Docket No. AP-06-042

County

Action   80B APPEAL

MORRILLS CORNER, LLC               CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| NATALIE L.BURNS, ESQ.<br>P.O. BOX. 4510<br>PORTLAND, ME 04112<br>775-7271 | PENNY LITTELL, ESQ.<br>389 CONGRESS STREET<br>PORTLAND, MAINE  04101<br>207-874-8480 |

Date of
Entry

STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            CIVIL ACTION
                                                           DOCKET NO: AP06-042

MORRILLS CORNER, LLC

        Plaintiff
                                                ORDER ON PLAINTIFF'S
                                                RULE 80B APPEAL

        v.


CITY OF PORTLAND

                Defendant


        This matter comes before the Court on Morrills Corner, LLC's 80B appeal

of administrative action taken by the City of Portland.  For the reasons stated

below, the appeal is DENIED.

                                BACKGROUND

        Plaintiff Morrills Corner, LLC ("Morrills Corner") is a Delaware limited

liability company that was formed for the purpose of handling a development

project in Portland, Maine.  To initiate the project, Packard Development, LLC,

Morrills Corner's predecessor in interest, entered into a Conditional Zoning

Agreement ("CZA") with Defendant City of Portland ("the City") in 2004, which

was revised in May 2005.[1]  The CZA was intended to govern development of

twenty acres of land in the vicinity of 33 Allen Avenue in Portland, to be called

Morrill's Crossing.

        According to the CZA, the project must comply with and be subject to the

City's Land Use Code.  The project consists of a redevelopment of apartments

---

[1] The May 2005 version is recorded in the Cumberland County Registry of Deeds at Deed Book
23341, Page 114.

1

and townhouses and adds more residential units, a grocery store, walking trails, a playing field, and a boxing/ health club facility. The CZA incorporated several exhibits, including Exhibit B, a site plan drawing, and Exhibit D, architectural renderings of the proposed development. Also, Paragraph 13 of the CZA states that the agreement is subject to restrictions imposed by the City Council.

As required by the CZA, Morrills Corner submitted an application for site plan and subdivision approval in July 2005. These applications were supported by traffic and parking studies, and notice of the project was provided to residents in the neighborhood. A neighborhood meeting was held on December 15, 2005 to discuss the project. The Community Development Committee ("CDC"), a subset of the City Council, also participated in numerous workshops and evaluations of the project. The developer also represented to the CDC that the boxing facility would not exceed 15,000 square feet. The full City Council extensively discussed the project and analyzed the site plan that was incorporated into the CZA.

In October 2005, the City's zoning administrator, Marge Schmuckal, issued an opinion that the site plan complied with zoning regulations. The dimensions on Exhibit B initially had been listed as 4,000 square feet for the existing boxing facility, with an expansion of approximately 10,000 square feet. No mention of the number of stories was made on Exhibit B, although the number of stories was listed for other buildings on the plan.

The administrator issued a revised opinion in January 2006, again stating that the project complied with zoning regulations, including setbacks, permitted uses, and the height limit. But, she also stated that consistency with the CZA remained at issue and would have to be reviewed by the Planning Board.

2

Specifically, she noted that CZA paragraph 3 requires that the development occur "substantially in accordance with the Site Plan shown on Exhibit B." The CZA provides that it may allow minor deviations and that each phase of development remains subject to site plan review.

In February 2006, Morrills Corner submitted a revised site plan, reducing the footprint to 14,000 square feet and showing a single-story building. By June 2006, however, another revised plan was submitted, depicting a three-story, 42,484 square foot building due to the terms of Morrills Corner's lease. The new plan listed a ground floor area of 15,090 square feet, a second floor area of 11,922 square feet, and a third floor area of 15,462 square feet.

The Planning Board ("the Board") held a public hearing on July 11, 2006, after which it determined, by a vote of 6-0, that the application complied with the CZA. The Board also granted subdivision and site plan approval, subject to a condition that the boxing facility would not exceed 14,000 total square feet. It also stated that it would have to review and approve an amended plan incorporating the reduction in size. The Board issued findings and conclusions to that effect on August 3, 2006. As the condition of approval would become final and binding absent an appeal, Morrills Corner filed this 80B appeal, solely contesting the condition limiting the boxing facility to 14,000 square feet.

After hearing, this Court remanded the matter to the Board for further fact finding, ordering it to clarify its rationale for the limitation. On July 10, 2007, the Board called a public hearing for the purpose of discussing and adopting findings of fact regarding the limitation. After the Board adopted findings as requested by the Court, the City and Morrills Corner agreed that the matter should be decided on the parties' written submissions.

3

## DISCUSSION

1. Standard of Review.

Review of board findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶ 14, 770 A.2d 644, 650. The Court will uphold the decision of the Planning Board unless the record evidence compels a contrary conclusion. *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶¶ 16-18, 868 A.2d 161, 166. The party appealing the zoning board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

2. Did the City Err By Adding a Condition to Morrills Corner's Approval?

The issue presented by this appeal is whether the Board's approval of the project, subject to a condition limiting the size of the boxing facility, was supported by substantial evidence in the record.

The Portland Land Use Ordinance ("LUO") states that when any site plan approval is conditional, the Board will issue a written decision that clearly explains its rationale. LUO § 14-256(c). Accordingly, at its July 2007 hearing, the Board officially adopted findings, explaining that its limitation of the square footage to 14,000 was based on the site plan attached to the CZA as Exhibit B. On the site plan, the square footage for the boxing facility is listed as approximately 14,000 (4,000 existing and 10,000 proposed). Nothing on the plan indicated that the building would be more than one story.

4

Morrills Corner had argued that the Board's prior decision did not explain whether the condition was solely based on the size restrictions in the CZA, or whether there were other reasons for it, such as non-compliance with the LUO. After remand, the Board clarified that the initial square footage was 14,000, and the subsequent increase to over 42,000 was inconsistent with the site plan. It further explained that the CZA requires the development to be built "substantially in accordance with the site plan." CZA ¶ 3. Because the site plan listed the boxing facility at 14,000 square feet, the Board's position is that any expansion would have to be pursued in the City Council via a proposed amendment to the CZA.

Morrills Corner correctly notes that "minor deviations" from the site plan are allowed. In its July 2007 findings, however, the Board explicitly states that, in its view, the proposed increase to over 42,000 square feet constituted a "substantial deviation" from the site plan because it would amount to an increase of approximately 400% in the facility's size. July 2007 Findings of Fact, ¶ 2. Additionally, the new findings stated that the proposal for a substantially larger boxing facility "represented a substantial change in proportion and relation of the boxing facility to the other buildings on the site plan." July 2007 Findings of Fact, ¶ 3.

The Board has clarified that it based the condition on its interpretation of the CZA, which requires alterations to be substantially in accordance with the site plan. It explicitly determined that the proposed alterations to the square footage and height of the boxing facility were not substantially in accordance with the site plan. Given this Court's deferential review of the Board's factual findings, the Court finds that the record and the July 2007 findings support the

Board's conclusion that the condition was warranted. This project has undergone careful scrutiny at the municipal level and this Court will not disturb the Board's imposition of a condition to its approval in light of the substantial evidence supporting it.

The entry is:

Plaintiff's 80B appeal is DENIED. The decision of the Portland Planning Board to conditionally approve the project with the square footage limitation is AFFIRMED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _August 1, 2007_

Roland A. Cole
Justice, Superior Court

6

Date Filed **8-10-06** **CUMBERLAND** Docket No. **AP-06-042**

County

Action **80B APPEAL**

MORRILLS CORNER, LLC                    CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| NATALIE L.BURNS, ESQ.<br>P.O. BOX. 4510<br>PORTLAND, ME 04112<br>775-7271 | PENNY LITTELL, ESQ.<br>389 CONGRESS STREET<br>PORTLAND, MAINE   04101<br>207-874-8480 |

Date of
Entry