STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
    YORK, ss.                               .DOCKET NO. AP-07-029

                                            GAP - YOR- 12/26/2 007


MICHAEL E. MCKINNEY and
CAROLYN A. MCKINNEY,

            Plaintiffs


      v.                                    **ORDER**

                                    DONALD L. GARBRECHT
                                         LAW LIBRARY

TOWN OF ELIOT,

                                    JAN 2 5 2008
            Defendant


      This matter comes before the Court on Defendant Town of Eliot's (Town) Motion to dismiss Plaintiffs Michael E. McKinney and Carolyn A. McKinney's (the "McKinneys") complaint pursuant to M.R. Civ. P. 80B. The Court is also scheduled to hear the merits of the McKinneys' Rule 80B appeal.

## PROCEDURAL HISTORY

      The facts of this case are largely undisputed. The McKinneys filed two 80B appeals in this Court with respect to a variance and waiver granted by the Town to the American Legion Post (American Legion) located on Main Street in Eliot, Maine.[1] On February 26, 2007, both appeals were remanded to the Eliot Zoning Board of Appeals (ZBA) for failure to make the sufficient and clear finding of facts necessary for judicial review.

---

[1]   The variance and waiver were granted for the benefit of Ethel's Tree of Life (TOL), which runs a transitional training program for special needs children and young adults. TOL utilizes space in the American Legion.

In compliance with the remand, the ZBA held a meeting on May 17, 2007 in order to reissue findings of fact sufficient for judicial review (Appeal Meeting). The McKinneys attended the Appeal Meeting. On July 6, 2007, approximately 50 days after the Appeal Meeting, the McKinneys again filed an appeal with this Court asserting that the "finding of facts at the May 17, 2007 meeting failed to meet the Court's ruling to make specific findings."

The Town moves to dismiss the claim as untimely filed and further asserts that the McKinneys have failed to state a claim upon which relief can be granted.[2]

## DISCUSSION

### I. Plaintiffs' 80B Appeal

#### A.    Factual Background

Before the Court is an appeal of the finding of facts of the Town's Zoning Board of Appeals ("ZBA") made on May 17, 2007 pursuant to this Court's remand of the McKinneys' previous appeal. At issue in this second appeal is whether the ZBA's decision is supported by the sufficient and clear findings of fact necessary for judicial review based on the evidence in the record.

#### B.    Standard of Review

Review of the Board of Appeals' findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v.*

---

[2]    While the Town's Motion to Dismiss on timeliness grounds may be dispositive, I proceed to the merits of the 80B appeal because I failed to expressly retain jurisdiction on remand. This, no doubt, created confusing procedural problems for the Plaintiffs, who represented themselves throughout these proceedings.

*Maine Coast Artists*, 2001 ME 75, ¶14, 770 A.2d 644, 650. The party appealing the zoning board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

By statute, a zoning board is required to provide not only a statement of its findings of fact and conclusions of law, but also "the reasons or basis for the findings and conclusions." 30-A M.R.S. § 2691(3)(E) (2005). Adequate findings of fact are crucial to the Court's review a zoning board's action under Rule 80B because "[m]eaningful judicial review of an agency decisions is not possible without findings of fact sufficient to apprise the Court of the decision's basis." *Chapel road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶ 9, 787 A.2d 137, 140.

## C. Conditional Use Permit

The ZBA granted a conditional use permit to TOL based on the conclusion that the existence of TOL at the American Legion would not create increased intensity of use or traffic safety issues at the American Legion. On remand, the ZBA was directed to support that conclusion with specific findings of fact.

At the Appeal Meeting, the ZBA took additional testimony and considered testimony previously taken regarding the McKinneys' appeals. The ZBA found *inter alia* that:

1. TOL uses the American Legion primarily for administrative purposes with two or three people present;
2. Occasionally the number is higher, but they arrive by van and the impact is similar to American Legion events;
3. TOL uses carpooling rather than individual cars;
4. American Legion meetings usually mean more cars utilizing the parking spaces;
5. The American Legion has rented the space in the past for various activities that have "brought in additional traffic."
6. TOL and the American Legion would not use the facility concurrently.

*Town of Eliot Board of Appeals Meeting* – May 17, 2007 p. 15-16.

Based upon these findings, the Town asserts that TOL is not a "new use" or expansion of use as defined in Article X of its ordinance, and consequently is not subject to Article X's parking requirements.[3] The record evidence supports this finding.

## D. Waiver and Variance

Before granting a varience, the ZBA must consider the following criteria: (1) the land would not earn a reasonable return absent a variance, (2) a variance is needed due to unique circumstances and not the general character of the neighborhood, (3) the variance would not change the essential character of the area, and (4) the hardship was not caused by the actions of the proponent or a prior owner. 30-A M.R.S.A. § 4353(4)(a)-(D) (2005).

### a. Reasonable Return Absent a Variance

On remand, the ZBA was required to articulate finding of facts regarding whether or not the land would earn a reasonable return absent a variance. The ZBA found *inter alia* that:

1. The American Legion holds the property by a deed containing a reverter clause. Consequently, if the American legion cannot stay in operation, the property will revert to the Town.
2. The American Legion treasurer testified that the American legion cannot support the building by itself. It is dependent on the revenue generated by TOL. If TOL is not allowed to rent the space, the American Legion will have to close.
3. Should the property be put to a new use, parking spaces in accordance with the ordinance would be required.

*Town of Eliot Board of Appeals Meeting* – May 17, 2007 p. 17.

---

[3]     The scope of Article X is defined under the ordinance as:

The standards in this article shall apply to all new uses or establishments which expand or increase their volume or intensity of usage. They shall also apply to all new or expanded parking facilities.

4

### b. Unique Circumstances

With respect to the unique circumstances surrounding this property, the ZBA found that:

1. The property was a small corner lot;
2. The building took up substantially all of the lot, save the residential setback requirements and there is no physical room for additional parking in compliance with the ordinance;
3. The lot is uniquely encumbered by a reverter clause to the Town.

*Town of Eliot Board of Appeals Meeting* – May 17, 2007 p. 17.

### c. No Change to Essential Character of the Area

The ZBA found that the essential character of the area would remain unchanged based upon:

1. The American Legion has unlimited use of the property and utilizes the three grandfather parking spaces in front of the building on Main Street. Because TOL's use is not concurrent with the American Legion, that use will not change with TOL's lease;
2. The American Legion has used those parking spaces since the early 1960's with no evidence of accidents occurring because of that use;
3. TOL has been operating at the American Legion since 2004 with no reported accidents as a result of their use of the parking spaces.

*Town of Eliot Board of Appeals Meeting* – May 17, 2007 p. 19.

### d. Hardship was Not Caused by the Actions of the Proponent or a Prior Owner

The ZBA found that the hardship was the limitation on parking at the American Legion Post. This hardship came into existence under Eliot's current zoning restrictions. The American Legion's use of the property pre-dates those zoning restrictions. *Town of Eliot Board of Appeals Meeting* – May 17, 2007 p. 19.

### e. Conclusions of the ZBA

Based upon the above findings, the ZBA concluded that TOL met all requirements to be granted a variance and consequently qualified "for the lesser relief of the waiver." This grant includes side yard variance for parking. In addition, the board also

5

concluded that the use by the TOL was not a new or expanded use, thus a grant of variance and waiver was not necessary. The board approved the amended findings and conclusion s by a unanimous vote. Id. at p. 23.

The ZBA complied with the order on remand and articulated the ZBA's findings of fact. The McKinneys have the burden to show that the ZBA committed "an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶ 14, 770 A.2d 644, 650. The McKinneys have not net their burden.

## CONCLUSION

The Plaintiffs' appeal is Denied and the decision of the ZBA is Affirmed.

Dated:    December 26, 2007

G. Arthur Brennan
Justice, Superior Court

```
Michael E. McKinney - PL - Pro se
Carolyn A. McKinney - PL - Pro se
Katherine R. Knox, Esq. - DEF
Christopher L. Vaniotis, Esq. - DEF
```

6