STATE OF MAINE
PISCATAQUIS, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO AP-12-03

2 pages

GILMAN GLOVER and
PEGGY GLOVER,

Plaintiff,

v.

TOWN OF SEBEC,

Defendant.

ORDER

Received & Filed

JUN 24 2013

Piscataquis County
Clerk's Office

In this 80B Appeal of Government Action, the plaintiffs seek review of the Sebec Board of Zoning Appeals' denial of their appeal of a decision of the Sebec Planning Board. Plaintiffs applied for a shoreland building permit for the construction of a camp on land they owned on Sebec Lake. The Planning Board rejected the application and the plaintiffs filed an Application of Appeal with incorporated request for variance. They requested the variance because their lot is small and the mandated setbacks created a buildable area that was too small, in their estimation, to contain their camp. The Board of Zoning Appeals denied the appeal and the request for a variance, including in their findings only the bare assertion that it "did not want to set a precedent by granting the request."

In order be granted a variance, the applicant must prove undue hardship, having four elements:

A. The land in question cannot yield a reasonable return;

B. The need for a variance is not due to unique circumstances;

C. Granting a variance would not alter the essential character of the locality; and

D. The hardship is not a result of action taken by then landowner or prior owner. The Board of Zoning Appeals did not address whether the plaintiffs prove any of these elements that were fundamental to their application.

By statute, a zoning board is required to provide not only a statement of its findings of fact and conclusions of law, but also the "reasons or basis for the findings and conclusions." 30-A M.R.S. § 2691(3)(E). Adequate findings of fact are crucial to the Court's review of a zoning board's action because meaningful review is not possible without findings of fact sufficient to apprise the Court of the decision's basis. *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178 ¶ 9, 787 A.2d 137, 140. Here, the Zoning Board made no findings relevant to the issue that was to be decided. Despite this, it could be argued that the plaintiffs have the burden of proof, the Court should examine the record to see if there is support for the findings, and it should find that in fact the board must have implicitly made the requisite findings in its denial of the appeal and variance. Although this analysis may have been employed in the past, this Court follows the approach, based on sound analysis, set forth in *Rousselle v. Poirier*, 2006 WL 3035292 (Me. Super. Sept. 29, 2006), in which more recent, well-reasoned precedent indicates that remand to the government agency for appropriate findings is the better approach. This matter is remanded to the Sebec Board of Zoning Appeals for further action consistent with this Order.[1]

Dated: June 13, 2013

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

---

[1] Part of the problem is the scant record that has been presented, due, in part, to the absence of a recorded hearing below and, perhaps, due to confusion concerning the extent of the "public hearing" to which the plaintiffs are entitled. The Town should consider offering the applicants a new, recorded hearing at which the issues are properly and clearly aired.